■ EMERSON GARDEN ELECTRIC CO., INC., et al., Respondents, v. SEABOARD SURETY CO., INC., Appellant.— Judgment unanimously affirmed, with costs. Memorandum: In affirming the judgment we do not adopt the reasoning of the court below *in toto*. We hold only that there was in the agreement executed by the parties on May 16, 1962 an implied promise by defendant that, in pressing claims against the Power Authority arising out of the transmission line contracts, it would prosecute and protect the interests of plaintiffs as well as its own. Relying upon such promise, plaintiffs contracted away their right to guide and protect their own interests in the claims against the Power Authority and to be represented by attorneys of their own choosing. The disclaimer by defendant's attorney of any interest in plaintiffs' welfare constitutes a breach of the implied agreement and is a basis for the judgment rendered in favor of plaintiffs. The attorneys designated by plaintiffs and by defendant are directed to act together, each in the presentation and prosecution of any claim and interest of his own client against the Power Authority arising out of the transmission line contracts and to co-operate with equal right to participate in all litigation, conferences, negotiations and pretrial procedures. The attorneys should exchange copies of all correspondence which they may have with the Power Authority or its representatives. (Appeal from judgment of Niagara Trial Term granting a declaratory judgment to plaintiff as to presentation of claims against the Power Authority.) Present — Williams, P. J., Goldman, Henry, Noonan and Del Vecchio, JJ.

■ In the Matter of GENESEE BUS SERVICE, INC., Appellant, v. BOARD OF EDUCATION, SPENCERPORT CENTRAL SCHOOL DISTRICT NO. 1, et al., Respondents. — Order unanimously reversed, with costs against respondent, Board of Education, and motion denied, with leave to respondents to file and serve an answer within 15 days after service upon them of the order to be entered herein with notice of entry. Memorandum: We find the petition legally sufficient so as to prevent dismissal by motion (CPLR 7804, subd. [f]; 404, subd. [a]). The petition sets forth a triable issue of fact " the resolution of which in (petitioners') favor would leave no rational basis for the administrative decision ". (*Matter of O'Brien* v. *Commissioner of Educ.*, 3 A D 2d 321, 325.) The form of specifications and bid for school transportation are so confusingly prepared that they defy ready analysis. The portion of the specification requiring a bidder to furnish routing data is listed as a " general " specification for " Parochial High School and Private School Transportation " described as " Route 1 ". No names and addresses of students are set forth so it is uncertain how " routing data " therefor might be formulated. The seven remaining numbered routes contain specifications for transporting " Handicapped and Elementary Parochial " students. These specifications do not require the furnishing of routing data. Finally, the bid form contains a lengthy list of names and addresses of students under the various headings of educational institutions. It may be surmised that these names in some way implement the institutions listed under Route No. 1, but doubt is cast thereon because this list is under the heading of transportation of " Special Education and Elementary Parochial Students " and does not appear to have any relevance to parochial high school and private school students (Route No. 1). The petition states a prima facie case and a hearing and trial are required. (Appeal from order of Monroe Special Term dismissing the petition.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.